PER CURIAM:
The claimant brought this action for damage to a 1993 BMW which occurred when the vehicle struck a hole on Route 64 in Marion County. The Court on its own motion amended the claim to reflect the proper claimant.
The incident giving rise to this action occurred on February 7, 1997, at approximately 7:30 *27 p.m. The claimant’s fiancé, Julia A. Ralston, was traveling on Pleasant Valley Road (Route 64) towards Fairmont. Mr. Bennet is the owner of the vehicle; Ms. Ralston was the driver. The weather was dark and it had rained earlier that day. Route 64 in this area is a paved, two-lane road, secondary in terms of maintenance priority. The evidence adduced at hearing was that as Ms. Ralston came around a turn near an area known as Morris Park, she steered towards the edge of her lane to avoid oncoming traffic in the other lane. At this point, the vehicle struck a hole on the edge of the pavement, destroying the right rear tire. Cost to repair the tire and wheel rim was in the amount of $438.30. The claimant had a $500.00 insurance deductible.
Ms. Ralston was driving at approximately 25 to 35 miles per hour. It was not clear from the evidence whether the oncoming vehicle actually crossed into her lane. Several photographs, taken approximately in April 1997, were introduced into evidence, showing a hole roughly one foot deep and two to three long along the edge of the pavement. Testimony from the respondent indicated that the respondent had no actual prior notice of this hole until after the accident. The evidence further established that the respondent did not repair the hole for several months as hot mix was unavailable during the winter. It is the respondent’s position that the hole was too close to the road to properly install interim warning signs.
It is the general rule that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. In order to hold the respondent liable for a defect of this type, the claimant must prove that the respondent had actual or constructive notice of the road hazard. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the size of the hole in question is indicative of its presence for some time and that respondent had constructive notice of same. The respondent, at a minimum, could have installed hazard signs or markers in question to warn motorists. Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $438.30.
Award of $438.30.